**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    Case No.  3:25-cv-501-MMH-LLL

BENJAMIN A. ZEMAN,

      Defendant.

                                   /

## <u>ORDER</u>

**THIS CAUSE** is before the Court on Benjamin Zeman's Motion to Dismiss and Memorandum of Law (Doc. 18; Motion), filed October 2, 2025. Plaintiff, the United States of America, (the Government) filed its Response in Opposition to Motion to Dismiss (Doc. 23; Response), on November 7, 2025. Accordingly, this matter is ripe for review.

## I.    Background[1]

On July 10, 2008, Zeman enrolled in the United States Merchant Marine Academy (the Academy). <u>See</u> Complaint (Doc. 1), filed May 2, 2025, ¶ 8. And,

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint (Doc. 1), filed May 2, 2025, as true, consider the allegations in the light most favorable to the Government, and accept all reasonable inferences that can be drawn from such allegations. <u>See</u> <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003); <u>Jackson v. Okaloosa Cnty.</u>, 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint and may well differ from those that can ultimately be proved.

on August 4, 2008, Zeman executed a Service Obligation Contract for United States Merchant Marine Academy (Doc. 1-1 at 2–3; Service Contract). See Complaint ¶ 8. Under the Service Contract, Zeman agreed to fulfill certain service obligations, and, in exchange, the Government agreed to cover the cost of his education at the Academy. Id. Zeman attended the Academy from 2008–2012 and graduated on June 18, 2012. Id. ¶ 14.

Pursuant to the terms of the Service Contract, Zeman was required to (1) maintain certain credentials, certifications, and endorsements for six years, id. ¶ 10, (2) "serve in the foreign and domestic commerce and the national defense of the United States" for five years, id. ¶ 11, (3) "serve as a commissioned officer in a Reserve component of the Armed Forces" for six years, id. ¶ 12, and (4) submit annual reports to the U.S. Department of Transportation, Maritime Administration (MARAD) demonstrating compliance with the Service Contract, id. ¶ 13. Although he was reminded of his service obligations, id. ¶ 16, Zeman failed to (1) show he maintained the required credentials, certifications, and endorsements; (2) "provide evidence that he served in the foreign and domestic commerce and the national defense of the United States" for five years; (3) "provide evidence that he served as a commissioned officer in a Reserve component of the Armed Forces" for six years; and (4) submit reports in 2016, 2017, and 2018, id. ¶ 15.

Despite failing to comply with the terms of the Service Contract, Zeman did not request any waiver, modification, or deferment of his contractual obligations. Id. ¶ 17. On February 7, 2020, the Government sent Zeman a demand for payment of the cost of the education provided to him, but Zeman failed to pay the amount due. Id. ¶ 24; see also Notice of Default Determination (Doc. 1-1 at 20–24; Demand), filed May 2, 2025. As a result, the Government now asserts one claim for breach of contract against Zeman. See Complaint ¶¶ 25–29.

## II.    Legal Standards

In his Motion, Zeman seeks dismissal of the Government's claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)).[2] See Motion at 1.

### A. 12(b)(1) – Subject Matter Jurisdiction

In any case, "a court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that

---

[2] Zeman also purports to seek dismissal of the Complaint for improper venue under Rule 12(b)(3). See Motion at 1. However, aside from briefly mentioning Rule 12(b)(3), Zeman does not argue that venue is improper. See generally id. And the Government's counsel represents that it conferred with Zeman's counsel and confirmed that Zeman "did not intend to make any venue argument." See Response at 12. As such, the Court will not consider dismissal under Rule 12(b)(3).

it lacks jurisdiction and dismiss the case. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Attacks on subject matter jurisdiction based on Rule 12(b)(1) come in two forms: facial attacks and factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1529. "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id.

Here, Zeman raises a facial attack on the Complaint's jurisdictional allegations. See Motion at 8–10; id. at 10 ("The Complaint on its face demonstrates a lack of jurisdiction."). In doing so, Zeman addresses the allegations in the Complaint and the documents attached to it. See id. at 8–10. As such, the applicable standard is that utilized to resolve a facial attack on the existence of subject matter jurisdiction.

### B. 12(b)(6) – Failure to State a Claim

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180,

- 4 -

1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an]

assumption of truth." See Iqbal, 556 U.S. at 678–79. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Notably, "[a] statute of limitations bar is an affirmative defense." Wainberg v. Mellichamp, 93 F.4th 1221, 1224 (11th Cir. 2024) (quoting La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. at 563, 570). And "a plaintiff is not required to negate an affirmative defense in [its] complaint." Id. (quoting La Grasta, 358 F.3d at 845) (internal quotation omitted). As such, a Rule 12(b)(6) "dismissal on statute-of-limitations grounds is proper only where it is 'apparent from the face of the complaint that the claim is time-barred.'" Id. (quoting La Grasta, 358 F.3d at 845 and citing Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020)).

## III.   Discussion

In the Complaint, the Government asserts one claim for breach of contract against Zeman based on his failure to perform his post-graduation service obligations. See generally Complaint. According to Zeman, the Complaint should be dismissed. See generally Motion. In support, Zeman asserts that the Government's claim is time-barred by the applicable statute of limitations because the alleged breaches occurred more than six years before

the filing of the Complaint. See id. at 9. As a result, according to Zeman, (1) this Court lacks subject matter jurisdiction and (2) the Government fails to state a claim upon which relief can be granted. See id. at 10. In the Response, the Government contends that this action is timely filed because its claim did "not accrue until it [made] demand for payment, necessarily following [Zeman's] breach of the contract." See Response at 6. Upon review, the Court finds that this action was timely filed. As such, the Motion is due to be denied.

> Under 28 U.S.C. Section 2415,
>
> every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later.

28 U.S.C. § 2415(a). Accordingly, in an action for money damages, like this one, "the statute . . . grants an automatic six-year period from the accrual of the cause of action. In addition, an action may always be brought within one year of final administrative decision even though that time may be outside of the six-year period." U.S. v. Kass, 740 F.2d 1493, 1496 (11th Cir. 1984) (second emphasis added). "[This] limitation period was designed to promote diligence by the government in bringing claims to trial and also to make the position of the government more nearly equal to that of a private litigant." Id. at 1496.

In this case, the timeliness of the Government's action depends on when its cause of action accrued. A cause of action accrues "when the plaintiff has a complete and present cause of action." <u>Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.</u>, 603 U.S. 799, 810 (2024) (citation omitted). A cause of action becomes "complete and present" when "the plaintiff can file suit and obtain relief." <u>Id.</u> Notably, "[t]he general rule in contract actions is that the cause accrues at the time of the breach." <u>See</u> <u>Kass</u>, 740 F.2d at 1497. However, under certain circumstances, a contract action may not accrue until a later date. For example, where a demand is a condition precedent to a defendant's liability under a contract, a cause of action does not accrue until the demand is made. <u>See</u> <u>U.S. v. Ins. Co. of N.A.</u>, 83 F.3d 1507, 1510 (D.C. Cir. 1996) (noting that, where the terms of a bond "envision[] an actual demand, the statute of limitations is set in motion only by such a demand"); <u>U.S. v. Gilmore</u>, 698 F.2d 1095, 1097, 1098 (10th Cir. 1983) (holding that a cause of action accrued when the plaintiff "notified the defendants that it exercised the acceleration clause and demanded payment in full"). Moreover, where a plaintiff is not damaged until after a breach, its cause of action "will not accrue . . . until the damages are incurred." <u>Lake Borgne Basin Levee Dist. v. U.S.</u>, 127 Fed. Cl. 321, 334 (2016) (citation omitted).[3] Similarly, where a scholarship recipient breaches the

---

[3] The Court notes that although decisions of other district courts and the Court of Federal Claims are not binding, they may be cited as persuasive authority. <u>See</u> <u>Stone v. First</u>

terms of a scholarship, the Government's "right of action accrues on the date when the damages to the government are due." U.S. v. Chrzanowski, 358 F. Supp. 2d 693, 696 (N.D. Ill. 2005) (citation omitted); see also U.S. v. Westerband-Garcia, 35 F.3d 418, 422 (9th Cir. 1994), as amended on denial of reh'g (Dec. 6, 1994) (holding that the Government's cause of action did not accrue until the date that the defaulting scholarship recipient was required to pay damages); U.S. v. Avila, 687 F. Supp. 778, 783 (W.D.N.Y. 1988) (same); U.S. v. Maldonado, 867 F. Supp. 1184, 1192 (S.D.N.Y. 1994) (same).

Here, after failing to fulfill his post-graduation obligations under the Service Contract, Zeman could be "ordered to active duty in one of the armed forces of the United States," see Service Contract ¶ C(3)(a), or MARAD could "seek to recover the cost of education provided by the Federal Government," id. ¶ C(3)(b). Importantly though, the parties agreed that, if MARAD decided to pursue recovery of the "cost of education provided," Zeman would "be indebted to [the Government] and upon request [would pay] to [the Government] the 'cost of the education provided' to [him]." See Service Contract ¶ C(4) (emphasis added); Complaint ¶ 19. Under this provision, the Government was required to send Zeman a request for payment before it could obtain the relief it seeks in

---

Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

the Complaint: the cost of education provided. <u>See</u> Service Contract ¶ C(4); Complaint ¶ 23. Indeed, Zeman was not liable for this relief, and no damages were due, until the Government sent him a request. <u>See</u> <u>id.</u> Thus, the Government perfected its cause of action when it requested payment, and, as a result, its claim did not accrue until that time.

The Government sent Zeman a request for payment of the cost of education provided on February 7, 2020.[4] <u>See generally</u> Demand. It then filed the Complaint on May 2, 2025, less than six years after requesting payment. <u>See</u> Complaint at 1. As such, the Government's claim is not due to be dismissed under Rule 12(b)(1) because this action is timely filed under 28 U.S.C. Section 2415.[5] Likewise, the claim is not due to be dismissed under Rule 12(b)(6) because it is not "apparent from the face of the complaint that the claim is time-barred." <u>See</u> <u>Wainberg</u>, 93 F.4th at 1224 (quotation and citation omitted).[6]

Accordingly, it is

---

[4] The Government notes that it may have sent an earlier request for payment to Zeman in November 2019. <u>See</u> Response at 4. Even if the Government's cause of action accrued at that time, this action is still timely filed. However, the Court notes that Zeman may raise the statute-of-limitations defense if he discovers that the Government sent Zeman a request for payment more than six years before this action was filed.

[5] Because this action is timely filed, the Court need not and does not determine whether it would have subject matter jurisdiction if this action were time-barred by Section 2415.

[6] In addition to arguing that this action is time-barred, Zeman makes a passing reference to laches. <u>See</u> Motion at 3. But "[l]aches within the term of the statute of limitations is no defense at law. Least of all is it a defense to an action by the sovereign." <u>U.S. v. Mack</u>, 295 U.S. 480, 489 (1935) (citations omitted). Thus, Zeman's argument necessarily fails.

**ORDERED:**

1. Defendant's Motion to Dismiss and Memorandum of Law (Doc. 18) is **DENIED**.

2. Zeman must respond to the Complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record

- 11 -